IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | : | |
|---|---|---|
| DEREK SEALS, on behalf of himself and similarly situated employees, | : : | CIVIL ACTION |
| Plaintiff, | : | FILED ELECTRONICALLY |
| v. | : : | CLASS/COLLECTIVE ACTION |
| GRATEFUL HEARTS LLC, | : | |
| Defendant. | : : | |

## COMPLAINT - CLASS/COLLECTIVE ACTION

Derek Seals ("Plaintiff") brings this lawsuit against Grateful Hearts LLC ("Defendant"), seeking all available relief under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, and the Pennsylvania Minimum Wage Act ("PMWA"), 43 P.S. §§ 333.101, *et seq.* Plaintiff's FLSA claim is asserted as a collective action under 29 U.S.C. § 216(b), while his PMWA claim is asserted as a class action under Federal Rule of Civil Procedure 23.  *See Knepper v. Rite Aid Corp.*, 675 F.3d 249 (3d Cir. 2012) (collective and class claims may proceed together in the same lawsuit).

## JURISDICTION AND VENUE

1. Jurisdiction over the FLSA claim is proper under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

2. Jurisdiction over the PMWA claim is proper under 28 U.S.C. § 1367.

3. Venue in this Court is proper under 28 U.S.C. § 1391.

## PARTIES

4. Plaintiff resides in Philadelphia, PA (Philadelphia County).

5. Defendant is a corporate entity that, according to paystubs issued to Plaintiff, is headquartered at 301 Richfield Road, Upper Darby, PA 19082 (Delaware County).

6. Plaintiff is an employee covered by the FLSA and PMWA.

7. Defendant is an employer covered by the FLSA and PMWA.

## FACTS

8. Defendant owns and operates a business that provides, *inter alia,* home health services to clients located in and around Southeastern Pennsylvania.

9. Defendant employs workers who are paid to provide the above services to Defendant's clients. We will call these individuals "home health employees."

10. Plaintiff worked for Defendant as a home health employee during the three-year period relevant to this lawsuit.

11. Plaintiff, like other home health employees, often works over 40 hours per week.

12. The FLSA and PMWA require that employees receive overtime premium compensation "not less than one and one-half times" their regular pay rate for hours worked over 40 per week. *See* 29 U.S.C. § 207(a)(1); 43 P.S. § 333.104(c). Notwithstanding, Defendant often fails to pay such overtime wages. For example, during the one-week pay period ending October 6, 2024, Plaintiff was credited with working 56 total hours and received no overtime premium pay.

## CLASS/COLLECTIVE ACTION ALLEGATIONS

13. Plaintiff brings his FLSA claim as a collective action pursuant to 29 U.S.C. §216(b) and brings his PMWA claim as a class action pursuant to Federal Rule of Civil

Procedure 23.  He sues on behalf of all individuals who, during any time after November 1, 2021, have been employed by Defendant, and credited with working a total of over 40 hours during any week.

14. Plaintiff's FLSA claim should proceed as a collective action because Plaintiff and other putative collective members, having worked pursuant to the common compensation policies described herein, are "similarly situated" as that term is defined in 29 U.S.C. § 216(b) and the associated decisional law.

15. Class action treatment of Plaintiff's PMWA claim is appropriate because, as alleged below, all of Federal Rule of Civil Procedure 23's class action requisites are satisfied.

16. The class is readily ascertainable based on Defendant's business records and is so numerous that joinder of all class members is impracticable.

17. Plaintiff is a class member, his claims are typical of the claims of other class members, and he has no interests that are antagonistic to or in conflict with the interests of other class members.

18. Plaintiff and his lawyers will fairly and adequately represent the class members and their interests.

19. Questions of law and fact are common to all class members, because, *inter alia,* this action concerns Defendant's common compensation policies, as described herein.  The legality of these policies will be determined through the application of generally applicable legal principles to common facts.

20. Class certification is appropriate under Federal Rule of Civil Procedure 23(b)(3) because common questions of law and fact predominate over questions affecting only individual class members and because a class action is superior to other available methods for the fair and

efficient adjudication of this litigation.

## **COUNT I – FLSA**

21.    The FLSA requires that employees receive overtime premium compensation "not less than one and one-half times" their regular pay rate for hours worked over 40 per week. *See* 29 U.S.C. § 207(a)(1).

22.    In failing to pay Plaintiff and other collective members overtime premium pay for hours worked over 40 per week, Defendant has acted willfully and with reckless disregard of clearly applicable FLSA provisions and, as such, willfully violated the FLSA.

## **COUNT II – PMWA**

23.    The PMWA requires that employees receive overtime premium compensation "not less than one and one-half times" the employee's regular pay rate for hours worked over 40 per week. *See* 43 P.S. § 333.104(c).

24.    Defendant has violated the PMWA by failing to pay Plaintiff and other class members overtime premium pay for hours worked over 40 per week.

## **PRAYER FOR RELIEF**

Plaintiff, on behalf of himself and other members of the class/collective, seeks the following relief:

    A.    Unpaid overtime wages and prejudgment interest;

    B.    Liquidated damages to the fullest extent permitted under the FLSA;

    C.    Litigation costs, expenses, and attorneys' fees; and

    D.    Such other and further relief as the Court deems just and proper.

Date:  November 1, 2024

Respectfully,

Peter Winebrake
Michelle Tolodziecki
Winebrake & Santillo, LLC
715 Twining Road, Suite 211
Dresher, PA 19025
(215) 884-2491
pwinebrake@winebrakelaw.com
mtolodziecki@winebrakelaw.com

5